77,638-13

Mr. N Krumah Lumumba Valier
TDCJ-No. 1596714
James V. Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

August 13, 2015

To: Clerk
   Court Of Criminal Appeals Of Texas
   P.O. Box 12308 Capitol Station
   Austin, Texas 78711

This document contains some
pages that are of poor quality
at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 17 2015
Abel Acosta, Clerk

Re: Cause no. 1030025-A in the 184th District Court Of
   Harris County, Texas.

   Dear Clerk:

   Please Find enclosed and File Relator's Application For Writ Of
Mandamus, Exhibit "A", Applicant's Objection To The States Finding Of
Facts, And Conclusion Of Law, Respondents Proposed Finding Of Fact
and Order June 24, 2015, Article 11.07 Sec. 3 (B) Cause. 1030025-A
and Memorandum.

   The Relator is requesting the Court Of Criminal Appeals
to review the Article 11.07 3 (c) pursuant to Townsend v.
Sain, 372 U.S. 293, because pursuant to Exparte Harrington, 310
S.W. 3d 452 (Tex. Crim. App. 2010). That entitled to an evidentiary
hearing that would warranting the Court Of Criminal Appeals Of Texas
to grant all relief requested.

   Thank you For any and all assistance in this matter.

Respectfully,
Mr. Nkrumah Lumumba Valier

CAUSE NO. 1030025-A

NSKRUMAH LUMUMBA VALIER          IN THE 184th JUDICIAL COURT
TDCJ-No. 1546714                OF
    Relator                     HARRIS COUNTY, TEXAS

V.

CHRIS DANIEL, Harris County District Clerk
In His Official Capacity,
    Respondent

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 17 2015

Abel Acosta, Clerk

## A. PLANTIF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NSKrumah Lumumba Valier, Relator, pro se in the above-styled and numbered cause of action and files this Original Application For Writ Of Mandamus, pursuant to Article 11.07 Section 3(c) of the Texas Code Of Criminal Procedure, and would show the Court the following:

## B. RELATOR

1.01 NSKrumah Lumumba Valier, TDCJ-No. 1546714 is an offender incarcerated in the Texas Department Of Criminal Justice and is appearing prose, who can be located at James V. Allred Unit 2101 FM 316 N. Iowa Park, Texas 76367.

1.02. Relator has exhausted his remidies and has no other adequate remedy at law.

1.03 The act sought to be compelled is ministerial, not discretionary in nature. TCCP Art. 11.07 Section 3(c) requires Respondent to immediately transmit to the Court Of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved. No copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made have been transmitted to the Court Of Criminal Appeals. Had such documents been transmitted to the Court Of Criminal Appeals by Respondent as required by statue, Relator would have recieved notice from the Court Of Criminal Appeals.

1

## II.

### C. RESPONDENT

2.01 Respondent Chris Daniel, in his capacity as District Clerk OF Harris County, Texas has a ministerial duty to recieve and File all papers in a criminal proceeding, and perform all other duties imposed on the Clerk by law pursuant to TCCP Art. 2.21, and is responsible under TCCP 11.07 Sec. 3(c) to immediately transmit to the Court OF Criminal Appeals a copy of the application For writ of habeas corpus, any answers Filed, and a certificate reciting the date upon which that Finding was made if the convicting Court decides that there are no issues to be resolved. Chris Daniel, District Clerk, Harris County be served at his place of buisness at P.O. Box 4651 Houston, Texas 77002.

## III.

### D. VIOLATIONS OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

3.01 The Respondent violated Article 11.07 Section 3(c) of the Texas Code OF Criminal Procedure by Failing to provide a copy of the application For writ habeas corpus, any answers Filed and a certificate reciting the date upon which that Finding was made to the Court OF Criminal Appeals within the time prescribed by law and within a reasonable time From the date on which the documents were requested to be transmitted.

3.02 Requests For the transmittal of the application For writ of habeas corpus, any answers Filed, to Chris Daniel, District Clerk, Harris County, by certified mailed letters date 7-13-15; pursuant to Article 11.07 Section 3(c) of the Code OF Criminal Procedure. True and accurate copies of the above letters are attached hereto as Exhibit "A" and are incorporated by reference here in For all purpose.

3.03 To date, Relator has recieved no response From Respondent regarding Relator's request For transmittal of a copy of the application For writ of habeas corpus, any answers Filed, and a certificate reciting the date upon which that Finding was made to the Court OF Criminal Appeals.

3.04 As clear From Relator's letters, Relator has repeatedly put Respondent on notice that Relator seeks the transmittal of a copy of the application For writ of habeas corpus, any answers Filed, and a certificate reciting the date upon which that Finding was made to the Court OF Criminal Appeals to act on Relator's writ OF habeas corpus. Relator has gone well beyond any requirement or obligations imposed upon him by the Texas Code OF Criminal Procedure. In contrast to Relator's efforts, Respondent has wholly Failed to comply with the Texas Code OF Criminal Procedure, Article

2

11.07 Section 3 (c), is acting in bad faith, and has also failed to afford Relator the professional and common courtesy of any written response to his correspondence and requests.

3.05 Article 11.07 Section 3 (c) clearly states that "if the convicting court decides that there are no such issues, the clerk shall immediately transmit [emphasis added] to the Court OF Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that findings was made. Failure of the Court to act within 20 days shall constitute such finding". Texas Code Criminal Procedure Article 11.07 Sec. 3 (c), Respondent is in violation of this procedure, ministerial duties, and thus the laws of this state.

IV.

E. Prayer For Relief

WHEREFORE, PREMISES CONSIDERED Relator, N'Krumah Lumumba Valier pro se request a finding that the Respondent did not transmit documents to the Court OF Criminal Appeals within a reasonable time after the date they were requested and that Relator brought litigation in good faith and has substantially prevailed. Relator prays for an order directing Respondent to transmit copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court OF Criminal Appeals as directed in 11.07 Section 3 (c) of Texas Code OF Criminal Procedure as requested in Relator's letter (exhibit "A").

Respectfully submitted,
By: N'Krumah Lumumba Valier

3

THE STATE OF TEXAS
COUNTY OF Harris

### Affidavit

I swear under oath that the Facts and allegations in above Application For Writ OF Mandamus are true and correct.

Nkrumah Lumumba Valier
Relator

SIGNED ON this the 13th day OF August, 2015.

### Certificate OF Service

I hereby certify that a true copy OF the above Application For Writ OF Mandamus was sent out pre-paid postage Sent out through U.S. Postal Service to be served on Clerk Court OF Criminal Appeals OF Texas P.O. Box 12308 Capitol Station Austin, Texas 78711 on this the 13th day OF August, 2015

Respectfully submitted,
Nkrumah Lumumba Valier #1546714
Relator Prose
James V. Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

4

Cause no. 1030025-B

Nfrumah Lumumba Valier
TDCJ-No. 1546714
Relator

v.

CHRIS DANIEL District Clerk;
In His Official Capacity
Respondent

IN THE 184th JUDICIAL
DISTRICT COURT OF
Harris County, Texas

## ORDER

On this day, came on to be heard the Foregoing Relator's Application For Writ OF Mandamus and it appears to the Court that the same should be:

_____ GRANTED.

IT IS THEREFORE ORDERED THAT the District Clerk shall immediately transmit to the Court OF Criminal Appeals a copy of the application For writ OF habeas corpus, any answers Filed, and a certificate reciting the date upon which that transmittal was made.

SIGNED on this the _____ day of _____, 2015.

_____
PRESIDING JUDGE

5

Mr. NKrumah Lumumba Valier
TDCJ-NO. 1546714
James V. Allred Unit
2101 FM. 369 NS.
Iowa Park, Texas

July 13, 2015

To: Chris Daniel
Harris County District Court
P.O. Box 4651
Houston, Texas 77210-4651

Re: Cause no. 1030025-A in the 184th District Court of
Harris County, Texas.

Dear Clerk;

Please Forward Article 11.07 3(c) Writ of Habeas
Corpus Cause no. 1030025-A to the Court of Criminal
Appeals of Texas. And the Applicant is requesting a written
response to the Courts ruling on the 640 Motion For
Post Conviction DNA Re-Testing In Cause No. 1030025.
It has been almost a year since I made the request to
establish my "actual innocence" and the Court has not made
a ruling. Please responde to my request.

Thank you for any and all assistance in this matter.

Respectfully,
Mr. NKrumah Lumumba Valier

Mr. NKrumah Lumumba Valier
TDCJ-No. 1546714
James V. Allred Unit
2101 FM 369 N.
Iowa Park, TX. 76367

June 30, 2015

To: Abel Acosta, Clerk
Court OF Criminal Appeals OF Texas
P.O. Box 12308 Capitol Station
Austin, Texas 78711

Re: NKrumah Lumumba Valier v. The State OF Texas; Cause No. 100325-A
in the 184th District Court OF Harris County, Texas.

Dear Clear:

Please Find enclosed and File the Applicant's Objection
To The State's Proposed Findings OF Fact, Conclusions OF Law
And Order.

Thank you For any and all assistance in this matter.

Respectfully
Mr. NKrumah Lumumba Valier

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 02 2015

Abel Acosta, Clerk

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NKRUMAH LUMUMBA VALIER
    Applicant

                                 CAUSE NO. 100325-A

V.

THE STATE OF TEXAS

# APPLICANT'S OBJECTION TO THE STATES FINDING OF FACTS. AND CONCLUSION OF LAW

The Applicant Nkrumah Lumumba Valier, TDCJ-No. 1546714. now Files his Objection To The States Finding Of Fact. And Conclusion Of Law. And the Applicant challenge it's correctness and assert the State Judge and the Harris County District Attorney has committed treason against the Constitution or Laws Of the United States acting under color of law 18 U.S.C.S. §242 to intentionally deprive the applicant of his Constitutional Rights and a Remedy due to their intentional unconstitutional misconduct.

## I.

The Factual predicate For the claim could not have been discovered previously through the exercise of due diligence; and of the Facts underlying the claim, if proven and viewed in light of the evidence as a whole. would be sufficient to establish by clear and convincing evidence that, but For constitutional error no reasonable Fact-Finder would have Found the Applicant guilty of the underlying offense.

## II.

Under Brady v. Maryland. 373 U.S. 83, 10 L. Ed. 215, 83 S.Ct. 1194 (1963), The United States Supreme Court has held that the prosecution has a ~~constitutional duties to dis dicies centestod~~ due process obligation under Federal Constitution to disclose material evidence Favorable to a criminal defendant. Whether a Brady violation occured is a two part inquiry. First, the prosecution must have Failed to disclose "evidence Favorable to an accused" that is relevent to guilt or punishment.

The newly discovered evidence was not made available to the applicant until March 19, 2014 by the Asst. Attorney General Melissa L. Hargis on page 12 in Civil Action No. H-13-3257 of the Respondent Stephen's Motion For Summary Judgment With Brief In Support. Established that Judge Jan Krocker in the 184th District Court was the trial judge in cause no. 1150625.

The adverse effect that the non-discloser of evidence in this rendered the appointed counsel unconstitutionally ineffective in his legal representation of the Applicant denying the Applicant a Fair and just trial. Depriving the Applicant his Sixth Amendment of the United States Constitution, right to effective assistance of Counsel at trial. See Strickland v. Washington, 466 U.S. 1068, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

But for the appointed attorney's Failure to do a adequate pre-trial investigation and learned of the State's suppression of exculpatory and material information within it's possession. The applicant entered a plea of guilty to the felony offense of sexual assault on September 11, 2006 in cause no. 1630025 for 2 years in prison. The applicant would not have plead guilty not for the counsel's errors and insisted on a trial. It is a reasonable probability the out-come of the proceedings would have been different. See Ex parte Harrington, 310 S.W.3d 452 (Tex Crim. App. 2010).

The Applicant's plea of guilt was involuntary because of unconstitutionally Ineffective Assistance of Counsel. Due to Counsel's failure to do an adequate pre-trial investigation resulting in the Applicant presently being in custody, confinement and restrain of his liberty in violation of the Constitution or laws of the United States Amendments 6 and 14.

The Applicant is now in custody of the Texas Department of Criminal Justice in "confinement" and have been "restrain" since January 31, 2008. And his Felony conviction in cause no. 1030025 have been discharged on June 11, 2007. As a result of the applicant's conviction for a felony sexual assault on September 11, 2006 he has suffered collaterial consequences, the lose of his liberty in violation of the Constitution or laws of the United States. U.S.C.A. Amends. 4, 6, and 14.

The applicant insist "the facts" pertinent to a habeas application are "not correct" and the State has committed Fraud in violation of Tex. Penal Code 37.09. See Townsend v. Sain, 372 U.S. 293, we held

when "the habeas applicant was afforded a full and fair hearing by the State Court resulting in reliable findings" the district court "ordinarily should except the facts as found" by the State Court judge. Id., at 318. However, "if the habeas applicant did not recieve a full and fair evidentiary hearing in a State Court, either at the time of trial or on in collateral proceeding" we held that the Federal Court, "must hold an evidentiary hearing" to resolve any facts that "are in dispute". Id. at 312. We futher "explained the controlling criteria" by enumerating six circumstances "(1) the merits of the factual dispute were not resolved in the State hearing; (2) the State factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the State court was not adequate to afford a full and fair hearing; (4) there is substantial allegations of newly discovered evidence; (5) the material facts were not adequately developed at the Stat-Court hearing; or (6) for any reason it appears that the State trier of fact did not afford the habeas applicant a full and fair fact hearing." Id., at 313 (emphasis added).

The Applicant claim reasons 1-6 accured by the State Court that prejudiced the out-come of the proceeding denying the Applicant the relief he is entitled to on a State level due to the newly discovered evidence made available by the Asst. Attorney General Melissa L. Hargis on March 19, 2014.

Three years later, in 1966, Congress enacted an amendment to Federal habeas Statue that "was an almost verbatim codification of the standards delineated in Townsend v. Sain." Miller v. Fenton, 474 U.S. 104, 111 (1985). That codification read in relevant part as follows:

"In any proceeding instituted in Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of factual issue, made by a State court of competent jurisdiction shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit —

"(1) that the merits of the factual dispute were not resolved in the State hearing;

"(2) that the fact finding procedure employed by the State was not adequate to afford a full and fair hearing;

"(3) that the material facts were not adequately developed at the State court hearing;

"(4) that the State court lacked jurisdiction of subject matter or over person of the applicant in the State court proceeding;

"(5) that the applicant was indigent and the State court deprivation of his constitutional right to appointed counsel to represent him in the State court proceeding;

"(6) that the applicant did not recieve a full, fair and adequate hearing in the State court proceeding; or

"(7) that the applicant was otherwise denied due process in the State court proceeding;

"(8) or unless... the Federal court on consideration of ~~the~~ [the relevant] part of the record as a whole concludes that such factual determination is not fairly supported by the record". §2254 (d) (emphasis added).

As is clear from the statutory text quoted above, and as the District Court correctly stated, if any "one of the ~~eight~~ enumerated exceptions applies then "the state courts ~~Fact~~ Fact Finding is not presumed correct." 490 F. Supp. 2d, at 1280; accord Miller, supra, at 105 ("under U.S.C. §2254 (d), state-court findings of fact 'shall be presumed to be correct' in a federal habeas corpus proceeding unless one of eight enumerated exceptions applies"); see also 1 R. Hertz & J. Liebman, Federal Habeas Corpus Practice and Procedure § 20.2c, pp. 915-918 (5th ed. 2005).

### Inmates Declaration

The Applicant N'Krumah Lumumba Valier, TDCJ-No. 1546714 swear under the penalty of perjury that the foregoing is true and correct.

Date Executed On: <u>June 30, 2014</u>                    Respectfully submitted,
                                                        Mr. N'Krumah Lumumba Valier

### Certificate of Service

I, N'Krumah Lumumba Valier, TDCJ-No. 1546714, the Applicant prose hereby declare that a clear and correct copy of the Applicant's Objection To State's Proposed Findings Of Fact, Conclusions Of Law And Order was sent out to be filed First Class pre-paid postage through U.S. Postal Services to be served on Abel Acosta, Clerk, Court of Criminal Appeals of Texas, P.O. Box 12308 Capitol Station Austin, Texas, 78711 on the 30th day of June, 2015.

                                        Respectfully submitted,
                                        Mr. N'Krumah Lumumba Valier
                                        _____
                                        Mr. N'Krumah Lumumba Valier
                                        TDCJ-No. 1546714
                                        Applicant, Pro Se
                                        James V. Allred Unit
                                        2101 FM 369 N
                                        Iowa Park, Texas 76367

4



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

June 25, 2015

NKRUMAN LUMUMMBA VALIER
#1546714 DALHART UNIT
11950 FM 998
DALHART, TEXAS 79022

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 1030025-D in the 184th District Court.

☐ State's Original Answer Filed ,

☐ Affidavit ,

☐ Court Order Dated ,

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☒ Respondent's Proposed Findings of Fact and Order June 24, 2015

☐ Other

Sincerely,

Leslie Hernandez, Deputy
Criminal Post Trial

Enclosure(s) — STATE'S PROPOSED FINDINGS OF FACT AND ORDER

Cause No. 1030025-D

EX PARTE                              §      IN THE 184TH DISTRICT COURT

                                      §      OF

NKRUMAN LUMUMBA VALIER,
    Applicant                         §      HARRIS COUNTY, TEXAS

FILED
Chris Daniel
District Clerk
JUN 17 2015
Time:
Harris County, Texas
By _____
Deputy

## STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

The Court has considered the application for writ of habeas corpus, the *State's Original Answer*, and official trial court records in the above-captioned cause and in the applicant's previous habeas proceeding. The Court finds that there are no controverted, previously unresolved facts material to the legality of the applicant's confinement which require an evidentiary hearing and recommends that the instant habeas application, cause number 1030025-D, be dismissed because the applicant has failed to include sufficient specific facts establishing that the current claims could not have been presented previously because the factual or legal basis for the claims was unavailable; or that, by a preponderance of the evidence, no rational juror could have found the applicant guilty beyond a reasonable doubt. TEX. CODE CRIM. PROC. art. 11.07 § 4(a) (West 2013).

THE CLERK is **ORDERED** to prepare a transcript of all papers filed in cause number 1030025-D and transmit same to the Court of Criminal Appeals as provided by

TEX. CODE CRIM. PROC. art. 11.07 (West 2013). The transcript shall include certified copies of the following documents:

1. The application for writ of habeas corpus (with all attachments);

2. The *State's Original Answer*;

3. The Court's order;

4. The indictment, judgment and sentence, and docket sheets in cause number 1030025 (unless they have been sent to the Texas Court of Criminal Appeals pursuant to a post-conviction writ of habeas corpus order);

5. The Court's Findings of Fact and Conclusions of Law; and

6. The State's and Applicant's Proposed Findings of Fact and Conclusions of Law (if any).

THE CLERK is further **ORDERED** to send a copy of this order to the applicant, Nkruman Lumumba Valier, TDCJ #1546714 – Dalhart Unit, 11950 FM 998, Dalhart, Texas 79022; and to counsel for the State, Linda Garcia, 1201 Franklin, Suite 600, Houston, Texas 77002.

By the following signature, the Court adopts the *State's Proposed Findings of Fact, Conclusions of Law and Order* in cause no. 1030025-D.

SIGNED this 24th day of June, 2015.

_____
JUDGE PRESIDING

2

Cause No. 1030025-D

EX PARTE § IN THE 184TH DISTRICT COURT

§ OF

NKRUMAN LUMUMBA VALIER,
Applicant § HARRIS COUNTY, T E X A S

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that I have served a copy of the *State's*

*Proposed Findings of Fact, Conclusions of Law and Order,* in cause number 1030025-D, to

the applicant on June 16, 2015, as follows:

Nkruman Lumumba Valier
TDCJ #1546714– Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

**FILED**
Chris Daniel
District Clerk

JUN 17 2015

Time:_____ Harris County, Texas

By_____ Deputy

_____
Linda Garcia
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
(713) 755-5240 (fax)
Texas Bar ID #00787163
garcia_linda@dao.hctx.net

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

JUN 2 5 2015

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy

Copy 1030025
11:0

# COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

## INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7. Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

Rev. 01/14/14

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: _Mr. Nkrumah Lumumba Valier_

DATE OF BIRTH: _February 11, 1970_

PLACE OF CONFINEMENT: _Dalhart Unit_

TDCJ-CID NUMBER: _1546714_    SID NUMBER: _09732282_

(1)   This application concerns (check all that apply):

☑ a conviction          ☐ parole

☐ a sentence            ☐ mandatory supervision

☐ time credit           ☐ out-of-time appeal or petition for
                          discretionary review

(2)   What district court entered the judgment of the conviction you want relief from?
      (Include the court number and county.)

_184th Judicial Court Of Harris County, Texas_

(3)   What was the case number in the trial court?

_Cause no. 1030025._

(4)   What was the name of the trial judge?

_Hon. Judge Jan Krocker_

Rev. 01/14/14

(5) **Were you represented by counsel? If yes, provide the attorney's name:**

Yes. Attorney James Leitner

(6) **What was the date that the judgment was entered?**

September 11, 2006

(7) **For what offense were you convicted and what was the sentence?**

Sexual Assault • 2 years (TDCJ).

(8) **If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?**

N/A

(9) **What was the plea you entered? (Check one.)**

- ☐ guilty-open plea
- ☑ guilty-plea bargain
- ☐ not guilty
- ☐ *nolo contendere*/no contest

**If you entered different pleas to counts in a multi-count indictment, please explain:**

N/A

(10) **What kind of trial did you have?**

- ☑ no jury
- ☐ jury for guilt and punishment
- ☐ jury for guilt, judge for punishment

2

(11)  Did you testify at trial?  If yes, at what phase of the trial did you testify?

No.

(12)  Did you appeal from the judgment of conviction?

☑ yes                              ☑ no

If you did appeal, answer the following questions:

(A)  What court of appeals did you appeal to?  Court Of Criminal Appeals

(B)  What was the case number?  _____

(C)  Were you represented by counsel on appeal? If yes, provide the attorney's name:

Appointed Counsels Joseph Varela and Adam Banks Brown

(D)  What was the decision and the date of the decision?  ___ N|A ___

(13)  Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                              ☑ no

If you did file a petition for discretionary review, answer the following questions:

(A)  What was the case number?  ___ N|A ___

(B)  What was the decision and the date of the decision?  ___ N|A ___

(14)  Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☑ yes                              ☐ no

If you answered yes, answer the following questions:

(A)  What was the Court of Criminal Appeals' writ number?  WR-77,638-11

3

(B) What was the decision and the date of the decision? _Denied 4-29-15._

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

Because the factual or legal basis for claim was not available due to th State's failure to disclose exculpatory and material information in violation of Brady v. Maryland, 373 U.S. 83,87, 83 S.Ct. 1194D, 10 L.Ed. 2d (1963). Also in violation of 18 USCS §242.

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☑ no

If you answered yes, please provide the name of the court and the case number:

_____

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☐ no

If you answered yes, answer the following questions:

(A) What date did you present the claim?     N/A

(B) Did you receive a decision and, if yes, what was the date of the decision?

_____ N/A _____

If you answered no, please explain why you have not submitted your claim:

4

_____ N/A _____

_____

_____

_____

_____

_____

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Rev. 01/14/14

**GROUND ONE:** The Applicant Plea was Involuntary Because Of Unconstitutionally Ineffective Assistance Of Counsel. Due To The Counsel's Failure To Do An Adequate Pre-trial Investigation Resulting In The Applicant Presently Being In Custody, Confinement And Restrain. Violated The Applicant's Sixth Amendment Of The United States Constitution.

**FACTS SUPPORTING GROUND ONE:** The Applicant seek relief pursuant to TEX. CODE CRIM. PROC. art. 11.07 § 3(c) because he is now in "custody" of the Texas Department Of Criminal Justice-Institution, in "confinement" and have been "restrain" since January 31, 2008. And his felony conviction in cause no. 1030025 has been discharged on June 11, 2007. As a result of the Applicant's conviction for a felony sexual assault on September 11, 2006 he has suffered the following collateral consequences: 1) The State failed to disclose cause no. 1150625 prior to entering the plea of guilt in primary case on September 11, 2006. So it was not dismissed or disposed of. The State waited 3 years later to refile the information against the Applicant in cause no. 1150625. The Applicant was convicted on DNA evidence alone that was obtained in violation of the Fourth Amendment of the United States Constitution in July 2005 during the proceedings of cause no. 1030025. (RR. vol. 4, page 113 at 8/20 in trial case no. 1150625). Record shows that the Hon. Judge Jan Krocker in the 184th District Court was the trial judge of Cause no. 1150625 and did not issue a Court Order until September 16, 2005 to obtain the Applicant's DNA. The State used the illegally obtained DNA samples to create false and material evidence to link me the Applicant to the sexual assault kits through misconduct by engaging in "dry labbing", " in which results are actually arrived at by guess work or using evidence or results from another analysis." The witness had no idea who I was and never identified me and when the police officer showed the Complainant My picture by itself. She stated: "She didn't recognize that man. She were'nt familar with that man." (RR vol. 4, page 62 at 5/24). The prosecutor used cause no. 1030025 in the punish phase of trial to increase the sentence to 40 years by telling the jury that the Applicant was a violent serial rapist. 2) The Applicant lost everything he owned after being arrested and convicted on cause no. 1150625 as well as his liberty unconstitutionally. And while in custody of the government the Applicant has suffered physical abuse, mental abuse, emotional abuse, sexual abuse (see Exhibit "A" attached) and physical disabilities as a result of the felony conviction for sexual assault in cause no. 1030025. And the Applicant will continue to suffer the collateral consequences throughout the duration of his confinement being in

6

Rev. 01/14/14

Custody of the government and restrain for the 40 year sentence in cause no. 1150625.

The Applicant plead guilty on the advice of his attorney which was unconstitutional ineffective assistance of counsel. Had the Applicant knew about cause no. 1150625 and the exculpatory and material information prior to entering his plea he would not have entered a plea of guilty and insisted on going to trial. If not for the unconstitutional errors of the appointed counsel the Applicant would not have plead guilty and the outcome of the proceedings would have been different. For the following reasons the Applicant plea was involuntary because of unconstitutionally ineffective assistance of counsel: 1) Attorney James Leitner knew the information was not what was used to arrest the Applicant with on June 11, 2005. The Applicant told the appointed counsel about the indictment information and the appointed counsel told the Applicant not to say nothing or the District Attorney would just re-file the information. 2) The attorney failed to tell the Applicant that Paul Whighams had already been convicted for the aggravated sexual assault of the Complainant with the information that was used to arrest the Applicant with.
3) The counsel failed to make any effort to contact Kimberly Green or Roderick Davis friends of the Complainant that had information that could've cleared the Applicant. Relating to the Complaintant accussing other men of rape to extort money out of them and robbing men while out prostituting. 4) The counsel failed to investigate the false probable cause information giving to arrest me by Alisha Little.
5) Failed to contact and secure my witness Ms. Amber, Darrel Bailey, Doris Antwi, Allen Warren and Kevin Conway.
6) The Counsel failed failed to object to the indictment information once he knew it was not the information and alleged date used to arrest me with on June 11, 2005 by Officer Bobby E. Roberts. He allowed the State to continue to prosecute the Applicant on that false information. 7). The counsel failed to object to the DNA evidence when he knew the Applicant was not with the Complaincant until April 2005. 8) Prior to entering the plea agreement the counsel told the Applicant his DNA cleared him of all 25 sexual assaults ran against him. And it was no other allegation or investigations. 9) The Counsel failed to do an adequate investigation and he would have known of cause no. 1150625 and had it dismissed within the plea. 10). The newly discovered evidence was not made available until March 19, 2014 by Asst. Attorney General Melissa L. Hargis on page 2 of Civil Action no. H-13-3257 of the Respondent Stephen's Motion For Summary Judgment With Brief In Support. That Established Judge Jan Krocker was the trial judge in cause. no. 1150625. 11) The Counsel's actions were intentional and continued to prevent the exculpatory and material information to be disclosed to the Applicant. When he became First Asst. Harris County District Attorney depriving the Applicant due Process, during the post conviction proceedings. The Applicant is sorry for whatever he did to James Leitner. Because the Applicant didn't deserve to suffer like this. 7

Rev. 01/14/14

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

Rev. 01/14/14



9

Rev. 01/14/14

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

10

Rev. 01/14/14

11

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12

Rev. 01/14/14

13

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

Rev. 01/14/14

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20 _____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, NKrumah Lumumba Valier, am the applicant / petitioner (circle one) and being presently incarcerated in Dalhart Unit, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on May 13 , 20 15

NKrumah Lumumba Valier
Signature of Applicant / Petitioner (circle one)

17

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____


Signed on _____, 20_____


_____
Signature of Petitioner


18

Rev. 01/14/14

CAUSE NO. 1030025

NKRUMAH LUMUMBA VALIER
Applicant.

V.

THE STATE OF TEXAS

JUDGE JAN KROCKER
IN THE 184th DISTRICT COURT
OF HARRIS COUNTY, TEXAS

MEMORANDUM

Mr. Nkrumah Lumumba Valier
TDCJ-No. 1546714
Applicant, Pro Se
Dalhart Unit
11950 FM 998
Dalhart, Texas, 79022

# TABLE OF CONTENTS

Table Of Authorities .... ii

Table Of Cases .... iii

Statement Of Case .... pages 1-3.

Jurisdiction .... page 4.

Standard For Review .... pages 4-5.

Ground One: The Applicant's Plea Was Involuntary Because Of
Unconstitutionally Ineffective Assistance Of Counsel.
Due To The Counsel's Failure To Do An Adequate
Pre-Trial Investigation Resulting In The Applicant
Presently Being In Custody, Confinement And Restrain.
Violated The Applicant's Sixth Amendment Of The United
States Constitution. pages 5-9.

A. Law .... pages 8-9.

B. The Continuing Misconduct Of The Appointed Counsel Acting As The First
Assistant Harris County District Attorney During The Post-Conviction
Proceedings. pages 9-10.

Prayer For Relief .... page 10.

Inmate's Declaration .... page 11;

Certificate Of Service .... page 11.

Affidavit (Attached)

Evidence Exhibit "A" (Establishing Applicant Being Sexually Abused).

# TABLE OF CASES

Brady v. Maryland, 373 U.S. 83 10 L.Ed 2d 215, 83 S.Ct. 1194 (1963). page 9 and 10.

Ex parte Coty, 418 S.W. 3d 597 (Tex.Crim.App.2014). page 6.

Ex parte Harrington, 310 S.W. 3d 452 (Tex.Crim.App.2010). page 5.

Ex parte Renier, 734 S.W. 2d. 349, 353 (Tex.Crim.App.1987). page 4.

Ex parte Turner, 394 S.W. 3d 513 (Tex.Crim.App.2013). page 6.

~~Ex parte State~~

Imbler v. Pachtman, 424 U.S. 409, 427 (1976) (FN 25). page 10.

State v. Daugherty, 931 S.W. 2d 268, 270 (Tex.Crim.App.1996). page 6.

Strickland v. Washington, 466 U.S. 668-89, 104 S.Ct. 2052, 2065, 80 L.Ed. 2d 674, 694 (1984). page 8.




TEX. CODE CRIM. PROC. art. 11.07 § 3 (c) (emphisis added). page 4.

TEX. CODE CRIM. PROC. ANN. Art. 11.07 §4(a) (West Supp. 2013) (emphisis added). pages 2 and 8.

Tex. Code Crim. Proc. Ann. Art. 38.23 (a). page 6.

18 USCS § 242. page 10.

# Statement Of Facts

The Applicant entered a plea of guilt for a felony offense of sexual assault on September 16, 2005 in cause no. 1030025 upon the advice of his appointed counsel. The counsel told the applicant prior to entering the 2 year plea agreement that his DNA and line-ups cleared the applicant of all 25 unsolved sexual assaults ran against the applicant with the primary case cause no. 1030025. And that it was no more allegations or investigations of sexual assaults against the applicant. The applicant refused every prior offer of a plea deal for 14 months after re-sets of 3 months at a time because the applicant was not going to plea guilty to a crime he knew he is innocent of. Because he was not with the Complainant Vernessa Carla Sylvester on March 23, 2005 nor did he ever force her to give him oral sex holding a knife to her neck. The appointed counsel knew of the defect in the indictment date of alleged crime and the information prior to entering the plea agreement, because the applicant told the appointed counsel's wife who is also a attorney and the appointed counsel. The both told the applicant not to say anything or the District Attorney will just re-file the information. The applicant know now that the State could not legally re-file the information to charge the applicant with the information Officer Bobby E. Roberts used to arrest the applicant with on June 11, 2005. Because the information had already been used to convict Paul Whighams for the aggravated sexual assault of the Complainant Vernessa Carla Sylvester. The attorney told the applicant that he would be convicted any way. so the smart thing to do was just plea guilty to sexual assault and recieve the 2 year sentence. Or go to trial for aggravated sexual assault and get 35 years. The applicant would not have plead guilty and insisted on a trial had the attorney did a adequate pre-trial investigation. And properly told the applicant of the State's suppression of the exculpatory and material information in it's possession. The out-come of the proceedings would have been different not for the unconstitution errors counsel.

1). The applicant may have been acquitted of the felony charge in cause no. 1030025. due to lack of sufficient evidence to prove beyond a reasonable doubt every essential element in which he was charged. And the applicant had no prior felony arrest or convictions aswell as witness ready and willing to testify on behalf of the applicant. Supported by record.

2) The Applicant had a right to a speedy trial this in cause no. 1150625. And record show that the Houston Police Department said that they had to close out cause no. 1150625 on June 6, 2005. Because the Complainant Tiffany Rogers refused to cooperate with the investigator after she alleged being sexually assaulted on May 16, 2005. It is a probability Cause no. 1150625 would have been dismissed or disposed of.

The applicant is now in custody of the Texas Department of Criminal Justice in "Confinement" and have been "restrain" since January 31, 2008. And his felony conviction in cause no. 1030025 has been discharged on June 11, 2007. As a result of the applicants conviction for a felony sexual assault on September 16, 2006 he has suffered the following collateral consequences: 1). The State waited 3 years to re-file the information against the applicant in cause no. 1150625. After the Complainant had a warrnt for her arrest for theft by check in January 2008. 2). The State used the DNA evidence obtained in July 2005 in violation of the 4th Amendment of the United States Constitution obtained in the proceedings of cause no. 1030025. Prior to the Hon. Judge Krocker in the 184th District Court of Harris County, Texas issued her Court Order on September 16, 2005 to obtain the DNA sample of the applicant legally. 3) The State's Suppression of the exculpetory and material information in it's possession allowed the applicant to be found guilty on the DNA evidence alone. The Complainant never identified the applicant at any time and prior to trial she was shown the applicant's picture by it self by the police officer and she stated: "She didn't recognize that man. She were'nt familar with that man." (RR Vol. 4, page 62 at 5/24). 4) The State used the conviction for felony sexual assault in cause no. 1030025 in the punishment phase of trial by the prosecutor influencing the jury to give the applicant a harsh sentence because he was a serial rapist. And that is the only way to prevent the applicant from ever raping another woman. (RR Vol. 4, pages 73-75 a(7)/(23)/(9-20). The jury gave the applicant 40 years and a $10,000. 5). The applicant unconstitutionally lost his liberty twice, this time for the remainder of his natural life. 6.) The applicant has suffered beatings by correctional officer, assaults by offenders leaving disabilities, physical, mental, emotional and sexual abuse as a result of his present confinement for the felony offense of aggravated sexual assault in cause no. 1150625.

The current claim could not have been presented previously because the factual or legal claims basis for the claim was unavailable. TEX. CRIM. PRO C. CODE ANNS. art. 11.07 § 4(a) (West Supp. 2013) (emphasis added).

2

On March 19, 2014 the applicant was given newly discovered evidence to support the factual and legal basis for claim when Asst. Attorney General Melissa L. Hargis stated:" More over, Judge Jan Krocker was ideally suited to make the credibility determinations necessary to resolve Petitioner's habeas claims as she was also the trial judge". The newly discovered evidence was not made available to the applicant until March 19, 2014 on page 12 of civil action no. H-13-3257 of the Respondent Stephen's Motion for Summary Judgment with Brief In Support.

The appointed counsel in the primary case cause no. 1030025 knew or should've known of cause no. 1150625 and made arrangements for it to be dismissed or properly disposed of entering the plea agreement on September 11, 2006. Had he done a adequate pre-trial investigation into the case. There is no excuse why he should'nt have because it was his duty as a license attorney. The applicant did'nt have to tell him of greater exposure, because the applicant had not committed any felony offenses of aggravated sexual assault at any time. Only the State accused the applicant of crimes the State was not a witness to make those allegations as the law requires. None of the Complainant's that were prostitutes ever identified the Applicant as their assailant. Or in the original police reports done on the nights these alleged crimes accused the applicant of anything when they both knew his name and where he worked. That was next door to where both women live in 2005. These women knew each other and newly discovered evidence in cause no. 1150625 established the Complainant Tiffany Rogers is related to Cordelia Rogers the mother of the Applicant's son Caleb Rogers that's 16 years old. The appointed counsel had a constitutional duty to render effective assistance of counsel. But he failed in his duty at the cost of the applicant's lost of his liberty and everything he owned, loved and could have achieved within his life.

2

# I.

## Jurisdiction

Under Article 11.07, a person who files a habeas corpus application for relief from a final felony conviction must challenge either the fact or length of confinement. In this case the question is whether a person who has discharged his sentence prior to filing an application, but who continues to suffer collateral consequences arising from the challenged conviction is entitled to seek post-conviction habeas relief under Article 11.07.

Article 11.07, which sets forth the procedure for non-death penalty felony cases, provides that "it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement." Prior to 1995, the statue did not define "confinement". In 1987, this Court held, in Ex parte Renier, that an applicant who alleges only that he is under "restraint", but who is not "in custody" at the time of filing, is precluded from seeking relief under Article 11.07. We conclude that "unless an applicant is confined pursuant to a commitment for a felony conviction, a post conviction application for habeas corpus relief collateral consequences of another conviction will not lie under Article 11.07."

But in 1995, the statue amended to eliminate Ex parte Renier's (310 S.W. 3d 457) construction of "confinement" as requiring literal confinement. Article 11.07 § 3(c), now explicitly provides that "confinement means confinement for any collateral consequences resulting from the conviction that is the basis of the instant habeas corpus". Thus, showing of a collateral consequence, without more, is now sufficient to establish "confinement" so as to trigger application of art. 11.07. That an applicant is not in actual physical custody of the government at the time of filing does not preclude his application nor deprive the trial court of jurisdiction to consider it.

# II.

## Standard For Review

The trial judge is the original fact finder in habeas corpus proceedings. Although this Court is the ultimate fact finder, in most circumstances we will defer to and accept a trial judges findings

4

of Facts and conclusions of Law when they are supported by the record." We similarly defer to any implied findings and conclusions supported by the record.

## III.

Ground One: The Applicant's Plea Was Involuntary Because Of Unconstitutionally Ineffective Assistance Of Counsel. Due To Counsel's Failure To Do An Adequate Pre-trial Investigation Resulting In The Applicant Presently Being In Custody, Confinement and Restrain Violated The Applicant's Sixth Amendment Of The United States Constitution.

## Aurgument And Authority To Support Ground One

But for the attorney's Failure to do a adequate pre-trial investigation and learned of the State's suppression of exculpatory and material information within it's possession. The applicant entered a plea of guilt to the Felony offense of sexual assault on September 11, 2006 in Cause no. 1030025 for years in prison. The applicant would not have plead guilty not for the Counsel's errors and insisted on a trial. It is a reasonable probability the outcome of the proceeding would have been different. See Ex parte Harrington, 310 S.W.3d 452 (Tex. Crim. App 2010).

For the Following reasons the Applicant's plea was involuntary because of Constitutionally Ineffective Assistance Of Counsel:

1'. The applicant told the attorney that the alleged date on the indictment and the information is not was the alleged at date or information Officer Bobby E. Roberts used to arrest the Applicant with on June 11, 2005. The attorney told the applicant not to say nothing of the District Attorney would just re-File the information. The attorney already knew that the State had convicted Paul Whighams for the aggravated sexual assault of the Complainant Vernessa Sylvester, so the State could not File that same information on the applicant. That was used to arrest the applicant on June 11, 2005. The attorney's Failure to object to the indictment information allowed the State to proceed with the unconstitutional prosecution of the Applicant with the use of false information. The State Knew to be False coming from a prostitute that record show she has made multiple police reports of being sexually assaulted.

5

2) The appointed counsel failed to contact Ms. Kimberly Green or Mr. Roderick Davis or make any effort to investigate their information about their friend Vernessa Sylvester. Concerning her criminal activities while out prostituting extorting men out of money by threatening to call the police and accuse them of rape. And how Vernessa Sylvester have set men up to be robbed when out prostituting. 3). The attorney failed to investigate the woman Alisha Little and her motive to give the false information that gave officer Bobby E. Roberts probable cause to seek a warrant for the Applicant's arrest. When she said: "she believe he could've done it" after reading the information used to convict Paul Whighams. The attorney failed to contact Ms. Amber the secretary at Budget Collision were the Applicant's SUV was getting repairs. That Alisha Little lied to trying to gain possession of the Applicant's SUV without his permission to vandize it. The attorney failed to investigate other witnesses of Alisha Little starking the Applicant and acting in a violent way towards him after he broke up with her in May 2005. Ms. Doris Antwi was a witness, Darryl Bailey and the Applicant's room mates Keven Conway and Allan Warren. 4). The State obtained DNA evidence in July 2005 in violation of the 4th Amendment of the United States Constitution. That is supported by the testimony of officer Keith McMurtry in trial case cause no. 1150625 on November 17, 2008. He stated he sent the rape kit out to be processed in July 2005 and when the results came back it gave him the identity of N'Krumah Valier. (RR Vol. 4, page 113 at 8/20). Judge Jan Krocker in the 184th District Court was the trial judge in cause no. 1150625 and she did not issue a court order to obtain the Applicant's DNA for testing until September 16, 2005 thats supported by record. The attorney's cause of action in that instant was to file a motion to suppress the DNA evidence pursuant to Tex. Code Crime Proc. Ann. Art. 38.23(a). See State v. Daugherty, 931 S.W. 2d. 268, 270 (Tex. Crim. App. 1996). But he failed to do so. The State was allowed to manufacture false and material evidence with the illegally obtained DNA sample. By misconduct by engaging in "dry labbing" in which "results are actually arrived at by guess work or using evidence or results from another analysis". See Ex parte Coty, 418 S.W. 3d 597 (Tex. Crim. App. 2014); also Ex parte Turner, 394 S.W. 3d 513 (Tex. Crim. App. 2013). 5). The attorney failed to challenge the DNA evidence when he knew that the Applicant was not with the complainant until April 2005 so it would be impossible for his DNA to have been found in a sexual assault kit done on March 23, 2005. 6). The attorney told the applicant prior to entering the plea of guilt that his

b

DNA and the line-ups cleared him of all 25 unsolved sexual assaults ran against him. And that it was no other allegations of sexual assaults or investigations. The Applicant refused the 2year plea offer and told his attorney that he did'nt do what was alleged in the indictment and he was'nt even with the Complainant on March 23, 2005. The attorney told the applicant the prosecutor was going to convict him and the smart thing for the applicant to do was to plea guilty and accept the 2year plea deal. Or go to trial, loss and get 35 years. So upon the advice of his attorney the applicant plead guilty to the felony offense of Sexual assault on September 11, 2006.

The applicant is now in custody of the Texas Department of Criminal Justice, in "confinement" and have been "restrain" since January 31, 2008. And his felony confiction in cause no. 1030025 has been discharged on June 11, 2007. As a result of the applicant's conviction for felony sexual assault on September 11, 2006 he has suffered the following collateral consequences: 1) The prosecutor and attorney engaged in misconduct entering the plea agreement on September 11, 2006. When they failed to disclose cause no. 1150625 to the applicant or trial Judge so that it could be included in the 2year plea agreement in cause no. 1030025. The State waited 3years later then re-filed the information against the applicant in cause no. 1150625. The State already had his identity through DNA testing in July 2005 done without a Court Order from the Hon. Judge Jan Krocker in the 184th District Court. The Complainant had a theft by check warrnt pending for her arrest in January 2008 so the State used that to coerce her to cooperate in the unconstitutional prosecution of the applicant. 2). The State's continuing suppression of exculpatory and material information allowed the applicant to be found guilty on the DNA evidence alone that was obtained in violation of the law in July 2005 during the proceedings of the primary case. The Complainant in cause no. 1150625 never identified the applicant as the man who committed the alleged aggravated sexual assault against her on May 16, 2005. In fact the police officer picked up the applicant's picture by it self and showed it to the Complainant, She then stated: "She did'nt recognize that man. She were'nt familar with that man.". (RR vol. 4. page 62 5/24). 3) The DNA evidence was false and material that was created in July 2005 during the proceedings of the primary case. 4). The State used cause no. 1030025 conviction for a felony sexual assault in the punishment phase of trial. Telling the jury I plead guilty to it and that I was a serial rapist and to stop any more rapes from happening. They should give me a harsh sentence to prevent the applicant from ever raping another woman. (RR vol. 4. pages 73-875 at 7/23/9-20). The jury gave the applicant 40 years and a #10,000

7

Fine. 5). The applicant unconstitutionally lost his liberty twice, this for the remainder of his life. The applicant has been beaten by security officers, assaulted by offenders leaving disabilities because correctional officers told them that the applicant is a serial rapist, suffered physical, mental, emotional and sexual abuse. And it will continue through out the 40 year sentence.

The current claim could not have been presented previously because the factual or legal basis for the claim was unavailable. TEX. CRIM. PROC. CODE ANN. art. 11.07 § 4 (a) (West Supp. 2013) (emphasis added).

The newly discovered evidence was not made available to the applicant until March 19, 2014 by Asst. Attorney General Melissa L. Hargis when she stated: "More over, Judge Jan Krocker was ideally suited to make the credibility determinations necessary to resolve Petitioner's habeas claims as she was also the trial judge". The newly discovered evidence was found on page 12 of Civil Action No. H-13-3257 in the Respondent Stephen's Motion For Summary Judgment With Brief In Support.

The Applicant's entire life has been effected in a negative way as a result of the advice of the appointed counsel to plea guilty in the primary cause case. When the counsel first should've done a adequate pre-trial investigation and made sure cause no. 1150625 was dismissed or disposed of prior to entering the plea agreement. And the applicant would not presently be in "custody", "or in confinement" and "restrain" on cause no. 1150625 for 40 years a case he represented the applicant on with the primary case.

A. Law

A defendant has a Sixth Amendment right to effective assistance of counsel in a guilty plea proceedings. To obtain habeas corpus relief for ineffective assistance of counsel under Strickland v. Washington, an applicant must show that his counsel's performance was unconstitutionally deficient and "there is a 'reasonable probability' one sufficient to undermine confidence in the result that the out come would have been different but for counsel's deficient performance". Specially, when a person "challenges the validity of plea entered upon the advice of the counsel, that was ineffective, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of

8

Competence demand of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty" to the charged offense and would insisted on going to trial.

A criminal-defense attorney "must have a firm command of the facts of the case" before he or she may render reasonably effective assistance of counsel. Counsel has a duty to provide advice to his client about what plea to enter, and that advice should be informed by an adequate investigation of the facts of the case or based on a reasonable decision that investigation was unnecessary. When counsel's representation falls below (360 S.W. 3d 459) standard, it renders any resulting guilty plea involuntary.

A claim of ineffective assistance of counsel must be determined upon the particular circumstances of each individual case. Strategic or tactical considerations are not considered deficient "unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it." But "when no reasonable trial strategy could justify the trial counsel's conduct, the counsel's performance falls below an objective standard of reasonableness as a matter of law." And although this Court "has been hesitant to 'designate any error as per se ineffective assistance of counsel as a matter of law', it is possible that a single egregious error of omission or commission by applicant's counsel constitutes ineffective assistance of counsel". We have found, on some occassions, the counsel's failure to challenge a prior conviction improperly used to enhance a charge to be one such error.

B. The Continuing Misconduct Of The Appointed Counsel Acting As The First Assistant Harris County District Attorney During The Post-Conviction Proceedings.

The applicant was denied the relief he was entitled to in Cause no. 1030002-A and cause no. 1150625-A through Article 11.07 of the Tex. Code of Criminal Procedure. By intentionally failing to disclose favorable evidence to the Applicant once he gained knowledge of it. The State's suppression of exculpatory and material information br that was within it's possession had a substantial and injurious effect on the Applicant. It deprived the Applicant his right to due process in violation of the 14th Amendment of the United States Constitution. See Brady v. Maryland 373 U.S. 83 10 L. Ed 2d

9

215, 83 S.Ct., the United States Supreme Court has held that the prosecution has a due process obligation under the Federal Constitution to disclose material evidence favorable to a criminal defendant.

A prosecutor who, while acting within the scope of his duties initiating and prosecuting a case, willfully deprives the accused of his constitutional rights is subject to criminal punishment under 18 USCS § 242, which makes it a crime for a person, acting under color of law, to deprive another of any right protected by the Constitution or laws of the United States, and his subject to professional discipline or disbarment.

"Whoever, under color of any statue, ordinance, regulation or costum, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights privileges or immunities secured or protected by the Constitution or laws of the United States, or to different punishment, pains or penalties on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life."

The State has a continuing duty to disclose favorable evidence. "At trial this duty is enforced by the requirements of due process, but after a conviction the prosecutor also is bound by ethics on his self of his office to inform the appropiate authority of after acquired or other information that cast doubt upon the correctness of the conviction". Imbler v. Pachtman, 424 U.S. 409, 427 (1976) (FN2).

## Prayer For Relief

WHEREFORE PREMISES Considered, the Applicant, pro se prays the Court GRANT relief by Setting Conviction Aside and Any Additional Relief This Court Deems Just, Proper, And Equitable.

Date Executed On: May 13, 2015

Respectfully Submitted,
Mr. Nkrumah Lumumba Valier

## Inmate's Declaration

I, Nkrumah Lumumba Valier, TDCJ-No. 1546714, the Applicant, pro se being presently in custody, confinement and restrain at the Dalhart Unit 11950 FM 998 Dalhart, Texas 79022 declare under the penalty of perjury that the foregoing is true and correct.

Date Executed On: _____

Respectfully submitted,
Mr. Nkrumah Lumumba Valier

## Certificate Of Service

I, Nkrumah Lumumba Valier, TDCJ-No. 1546714, the Applicant, pro se hereby declare that a clear and correct copy of this Memorandum was sent out First class pre-paid through the U.S. Postal Service to be served on Chris Daniel Harris County District Clerk P.O. Box 4651 Houston, Texas 77210-4651 on the 13th day of May 2015.

Respectfully submitted,
Mr. Nkrumah Lumumba Valier

Mr. Nkrumah Lumumba Valier
Applicant, Pro Se
TDCJ-No 1546714
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

11

# Affidavit

My name is Nkrumah Lumumba Valier, TDCJ-No. 1546714 and I am presently being held in custody at the Dalhart Unit at 11950 FM 998 Dalhart, Texas 79022 in confinement and restrain. I am over the age 18 years and competent to make this affidavit and personally acquainted with the facts herein stated:

I did know the Complainant and meet her some time in late 2004 in front of the barber shop I worked in. Vernessa Sylvester was a prostitute and after we meet she visited me everyday at the barber shop up until my arrest on cause no. 1030025 on June 11, 2005.

I was not with Vernessa Sylvester on March 23, 2005 nor did I commit any of the crimes against her alleged in the indictment. I did have sex with her in April 2005 by her consent and request we had straight sex without a condom. I gave her money after we finished as agreed prior to having sex. Vernessa demanded $50.00 more or she would call the police and say I raped her. I knew she was high on crack cocaine and tripping so I refused to give her any more money and to out my truck we where parked in the parking lot of Club Cordys. Vernessa opened the passenger side door then steped out, then pulled a box cutter out of her back pocket of the cut-off blue jean shirts she was wearing. A razor came out of the box cutter and Vernessa pointed it at me and demanded more money. I gave her more money and sped away.

I told attorney James Leitner I was not with the Complainant on March 23, 2005 when the indictment came. And that was not the information or date alleged used by Officer Bobby E. Roberts to arrest me with on June 11, 2005. Attorney James Leitner told me not to say anything or the District Attorney would just re-file the information. But the State had already convicted Paul Whighams with that information for the aggravated sexual assault of the Complainant Vernessa Sylvester. Attorney James Leitner did not tell me the state convicted Paul Whighams and allowed the State to proceed prosecuting me with false information he knew to be false.

James Leitner failed to contact Ms. Kimberly Green or Mr. Roderick Davis to investigate their information after they contacted him. They were both friends of the Complainant that knew Vernessa had a history of extorting men out of money while out prostituting by threatening to call the police and say that she had been raped after having sex with men. And robbing men while out prostituting to support her drug addictions.

(continued on page number two)

Had attorney James Leitner did an adequate pre-trial investigation he would have known of cause no. 1150625 and the alleged DNA match to it givening the State my identity in July 2005. A test done prior to the Honorable Judge Jan Krocker issuing the Court Order on September 16, 2005. The forensic results created were fruits of misconduct by "dry labbing", in which results are actually arrived at by guess work or using evidence or results from another analysis". Attorney James Leitner knew or should've known and his failure to motion to Suppress DNA Evidence Pursuant to Tex. Code Crim. Proc. Ann. Article 38.23(a) affected the out come of both proceedings. Both cases would have been resolved while being heard by Hon. Judge Jan Krocker the trial judge over both cases. The Attorney failed in his duty resulting in me losing my liberty and everything I owned aswell as loved. The State was able to re-file the information in causeno. 1150625 continuing to withhold exculpatory and material information that would have entitled me to discharge pursaint to Tex. Code Crim. Proc. Ann. Art. 32.01. Because when the State indicted me on April 7, 2008 in cause no. 1150625, it was out side "the term of Court" as set out in Article 32.01. And the attorney could have filed a Motion to Suppress DNA Evidence, Pursuant To Tex. Code Crim. Proc. Ann. Art. 38.23(a). I was allowed to be convicted on DNA Evidence alone, the Complainant never identified me and when the police officer showed her my picture by it self. The Complainant stated: "She didn't recognize that man. She were'nt familiar with that man". (RR vol. 4. page 62 at 5/24).

The advice of James Leitner for me to plead guilty was unconstitutionally ineffective assistance of counsel. Had I known any of the information he failed to tell me about my case, I would not have plead guilty and insisted on a trial. And during trial I would've told him once again that he was fired and he need to withdraw as counsel infront of the jury so it would be on record. Then appealed to the judge for the third time by Motion To Dismiss Appointed Counsel.

I have suffered collateral consequences due to the conviction of the felony offence of sexual assault in cause no. 1030025 that has been discharged. I've suffered lost of my liberty unconstitutionally, property everything I owned, physical abuse, mental abuse, emotional abuse, sexual abuse and physical disabilities as a result of the felony conviction of sexual assault. And I will continue to suffer the collateral consequences on that conviction throughout the duration of my confinement being in custody of the government and restrain for 40 years entence in cause no. 1150625.

I, N'Krumah Lumumba Valier, TDCJ-No. 1546714, hereby declare and sware under the penalty of perjury the foregoing statement is true and correct.

Date Executed On: May 12, 2005

Mr. N'Krumah Lumumba Valier
TDCJ-No. 1546714